JUSTICE RICE
concurring.
¶97 I concur with the Court’s holding herein, but have concerns about parts of the rationale employed. I fear that certain conclusions in the Opinion may interfere with the proper exercise of the Board’s discretion in the future management of the Trust. I also feel that the Court’s Opinion has made what was no doubt a very difficult decision by the Board-closing the Museum-seem like it was arbitrarily made and a clear-cut violation of the Board’s discretion and its fiduciary duty to the Trust. While our decision rightly interprets the Trust Agreement, properly concluding that the Museum was the foremost purpose of the Trust and its closure premature, the question of whether to close the Museum was not, in my view, “black and white”; indeed, there was language in the Trust which authorized closure under the appropriate circumstances. Though I agree that those circumstances had not yet occurred, it is yet possible they will occur in the future, and at that time the Board must be able to properly fulfill its duty. Similarly, other future decisions may very well involve complexities which require careful analysis of different options by the Board and the exercise of considerable discretion. This holding, while properly correcting the Board’s course, should not also impede the proper exercise of discretion by the Board required by changing conditions and future circumstances.
¶98 I agree with the Court’s declining to “comprehensively define ‘necessary”’ for purposes of maintaining the Museum. ¶ 55. However, despite that conclusion, the Comb holds that the Board breached its duty when it “failed to install a fire-prevention system, failed to install a proper air-handling system, failed to maintain an appropriate security system, and when it failed to build additional structures for the Museum.” ¶ 60. The necessary implication is that if the Board fails to complete each of these tasks, the Board will remain in breach of its duty. While I agree that the Board’s failure to complete the aforementioned measures is evidence supporting the breach of duty, I do not believe it should now become incumbent upon the Board to complete all items on the list, some being expensive and some without specificity (“build additional structures”), without further consideration by the Board. The Board voted to close the Museum temporarily over five years ago and voted to permanently close the *172 Museum over three years ago. It should not have to initiate upgrades without updating data and options. The record reveals that there are various studies and opinions about how the facility can be made museum-ready, and not all of them contain the same proposals. It is possible that the Board will adopt a plan which would be deemed appropriate, but not contain all of the items mentioned in the Court’s Opinion. Such explicit directions could well put overly strict limitations on the Board’s “full discretion and authority” to act in the best interest of the Museum. Although a different case entirely, and a constitutional one, in Columbia Falls Elementary School v. State, 2005 MT 69, 326 Mont. 304, 109 P.3d 257, we held that it was the Legislature’s duty to first define a “quality’ education. Columbia Falls, ¶ 31. Here, I would defer to the Board to first define “museum-ready.”
¶99 I have similar concerns under Issue 11(C). The Trust Agreement explicitly provides that the Board may exercise its “sole judgment and discretion” to close the Museum, which the Court acknowledges is a grant of “significant” or “considerable” discretion. However, despite that initial acknowledgement, the discussion under Issue 11(C) does not appear to give any particular deference to this “considerable” discretion. While I agree that the Board’s decision to close the Museum under the conditions as they existed was a breach of duty, and that its discretion is not absolute, the Board must retain significant discretion to act in the future on an issue of this complexity and other issues. Not knowing what the public response will be to the Board’s actions to make the Museum ready, it is conceivable that the issue of closure could again arise and need to be revisited in a future year. If that happens, the Board must be able to fulfill its duties with the full powers bestowed upon it by the Trust Agreement. The Court rejects, point-by-point, each reason the Board offered for closing the Museum. While these reasons were not adequate today, future events could make these reasons, supported by different facts, appropriate another day.
¶100 I concur.